IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

RICKY NORTHERN v. STATE OF TENNESSEE, STEPHEN DOTSON, WARDEN

Direct Appeal from the Circuit Court for Hardeman County
No. 05-02-0073    Joe H. Walker, III, Judge

No. W2005-02165-CCA-R3-HC - Filed March 23, 2006

The Petitioner, Ricky Northern, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ. joined.

Ricky Northern, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

MEMORANDUM OPINION

The Petitioner, Ricky Northern, entered a guilty plea, on November 13, 2003, to one count of murder in the second degree. For this conviction, he was ordered to serve twenty years confinement in the Department of Correction. Petitioner is currently confined at the Whiteville Correctional Facility in Hardeman County.

1

On August 16, 2005, the Petitioner filed a petition for habeas corpus relief. As grounds for relief, Petitioner alleged that the judgment against him was void and his sentence was illegal. Specifically, the Petitioner complained that trial counsel was ineffective and that his guilty plea was involuntarily entered. Additionally, he asserted that his sentence was illegal as the trial court imposed a sentence of twenty years at one hundred percent release eligibility for a Class A felony in violation of the mandates of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Petitioner contends that the maximum sentence that could have been imposed was a fifteen year sentence at one hundred percent. The trial court denied relief on August 23, 2005. In summarily denying relief, the trial court noted that the petition failed to state a claim for habeas corpus relief in that the holding in Blakely v. Washington was not to be applied retroactively to cases on collateral appeal and, even if it did, such a claim would merely render the conviction voidable, not void. Finally, the trial court recognized that the Tennessee Supreme Court found the Blakely holding inapplicable to the 1989 Sentencing Act. (citing State v. Gomez, 163 S.W.3d 632 (Tenn. 2005)). A timely notice of appeal was filed by the Petitioner.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. See Archer, 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. McLaney v. Bell, 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); see, e.g., Archer, 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentence has expired, thus, he is only entitled to relief if the judgment of conviction against him is void.

The crux of the Petitioner's claim is that the decision in Blakely v. Washington has rendered his sentence void and that the sentence imposed by the trial court was illegal as it exceeded the statutory maximum sentence permitted for the offense.[1] Such a claim does not entitle the Petitioner to habeas corpus relief. Any claim that his sentence was enhanced in violation of his right to a jury trial would render the judgment voidable, not void. See, e.g., Wayford Demonbruen, Jr. v. State, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873, *1 (Tenn. Crim. App., at Nashville, Jun. 30, 2005); Stanley Harvell v. Glen Turner, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, *1

---

[1]The Petitioner has elected not to seek this Court's review of his claims that trial counsel was ineffective and that his guilty plea was not knowingly and voluntarily entered. Notwithstanding, we note that such claims would not have entitled Petitioner to habeas corpus relief as such claims would merely render his conviction voidable, not void.

2

(Tenn. Crim. App., at Jackson, Apr. 12, 2005); Earl David Crawford v. Ricky Bell, No. M 2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15. 2005). Thus, the Petitioner's claim is not cognizable in a habeas corpus proceeding.[2] Moreover, the Petitioner's claim that the minimum sentence was not imposed is in error. The trial court imposed a twenty year sentence for a class A felony. The presumptive minimum sentence for a class A felony is the midpoint within the range. See T.C.A. § 40-35-210(c). For a range I standard offender, the minimum presumptive sentence is twenty years, i.e., the sentence imposed by the trial court.

The trial court determined that the Petitioner was not entitled to habeas corpus relief and properly dismissed the petition without appointment of counsel or a hearing. The State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

---

[2]We further acknowledge that, even if such a violation rendered a sentence void, the decision in *Blakely* is not to be given retroactive application, *see State v. Gomez*, 163 S.W.3d 632 (Tenn.), *reh'g denied*, (2005); *Isaac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*), and the decision in *Blakely* is not applicable to the 1989 Sentencing Act. *Gomez,* 163 S.W.3d at 632.